```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GERMAN LEYBINSKY,

                              Petitioner,

    -v-

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT and CHRISTOPHER
SHANAHAN,

                             Respondents.

------------------------------------------------------------X

No. 10 Civ. 5137 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

On June 8, 2010, Petitioner German Leybinsky ("Petitioner" or "Leybinsky") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Respondents U.S. Immigration and Customs Enforcement and Christopher Shanahan, an Immigration and Customs Enforcement Field Officer (collectively, "Respondents" or "ICE"). After Leybinsky was released from ICE custody, he sought leave to amend his petition to request additional prospective relief. The petition was referred to Magistrate Judge Lisa M. Smith on September 10, 2010. On July 15, 2011, Judge Smith issued a Report & Recommendation ("Report") granting Leybinsky leave to amend his petition (hereinafter, the "Amended Petition") but recommending that the Amended Petition be dismissed in its entirety.[1] On August 5, 2011, Leybinsky filed objections to the Report. The Court heard oral argument in this matter on November 29, 2012. Upon consideration of the Report and the parties' written submissions and oral arguments, the Court adopts Judge Smith's conclusion that the Amended Petition be

---

[1] The Report was addressed to Judge Gardephe, to whom this case was previously assigned.

dismissed but respectfully rejects the Report's mootness analysis. Accordingly, the Amended Petition is denied.

## I. Background

### A. Factual Background

Leybinsky, a citizen of the former Soviet Union, was admitted to the United States on or around June 16, 1991 as a "nonimmigrant visitor for pleasure with authorization to remain in the United States for a temporary period not to exceed one year." (Ex. 1 (Notice to Appear, Dec. 9, 1998) at 2.)[2] He remained in the U.S. beyond this authorized period. On May 6, 1996, he was convicted of sexual abuse in the first degree in New York Supreme Court, Kings County, and on June 18, 1996, he was sentenced to a term of imprisonment of one to three years. (Ex. 4 (Repository Inquiry) at 6-7.) While incarcerated, the former Immigration and Naturalization Services ("INS") issued Leybinsky a Notice to Appear, charging that he was removable pursuant to § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the U.S. for a period longer than permitted.[3] (Ex. 1 at 3.) After Leybinsky completed his state sentence, he was released into INS custody and removal proceedings commenced. On August 13, 1999, an immigration judge issued an order of removal against Leybinsky. (Ex. 7 (Order of Immigration Judge, Aug. 13, 1999).) Because Leybinsky waived his right to appeal, the order became final on that date.[4] Id.

---

[2] All exhibits were submitted by Respondents in their Return dated February 17, 2011 and are herein referred to as "Ex. __."

[3] On April 21, 1999, the INS filed an additional charge of inadmissibility/deportability pursuant to § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who was convicted of an aggravated felony while in the U.S. See Leybinsky v. I.N.S., No. 00-cv-1314-MM (M.D. Pa.) (Dkt. No. 10 at 6-7). The Court takes judicial notice of this document. See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992).

[4] The warrant of removal/deportation issued by INS on August 17, 1999 refers to both charges as grounds for Leybinsky's removal. See Leybinsky, No. 00-cv-1314-MM (Dkt. No. 10 at 8).

After the order of removal was issued, Leybinsky remained in ICE custody while it tried, without success, to obtain travel documents for him from the Ukraine, Belarus, the Russian Federation and Israel. (Ex. 25 (Joanna Delgado Decl., Feb. 17, 2011) at ¶ 5.) While in custody, Leybinsky filed a habeas petition in the Middle District of Pennsylvania, and on May 16, 2001, the Honorable Malcolm Muir ordered that Leybinsky be released from INS custody because INS could not show that his "deportation [was] likely in the foreseeable future." (Ex. 12 (Leybinsky v. I.N.S., No. 00-cv-1314-MM, Order (M.D. Pa. May 16, 2001)) at 4.) Leybinsky was released on May 25, 2001 under an order of supervision which included, among other conditions, that he must "appear in person at the time and date specified, upon each and every request of the Service, for identification and deportation or removal." (Ex. 13 (Order of Supervision, May 25, 2001) at 1.)

On April 16, 2009, ICE revoked Leybinsky's supervised release pursuant to 8 C.F.R. § 241.4 upon finding that he "violated the conditions of [his] release" under an order of supervision dated January 30, 2008. (Ex. 14 (Notice of Revocation of Release, Apr. 16, 2009).) Specifically, Leybinsky failed to report to immigration officers as required by the order of supervision on several occasions. (Ex. 25 at ¶ 8.) He remained in ICE custody until May 29, 2009, when he was released under an order of supervision which included, among other conditions, that he not "commit any crimes" and that "[a]ny violation of the [] conditions may result in [his] being taken into Service custody and [his] being criminally prosecuted." (Ex. 20 (Order of Supervision, May 29, 2009) at 4.)

Upon his release, on June 11, 2009, Leybinsky, who had previously been charged with criminal impersonation, pled guilty to disorderly conduct and received a conditional discharge. (Ex. 5 (Criminal History Record) at 5-6.) On August 3, 2009, Leybinsky was arrested and

charged with criminal possession of stolen property and petit larceny and on February 9, 2010, he pled guilty to a lesser offense of disorderly conduct. (Ex. 4 at 3-4.) On May 26, 2010, he was arrested and charged with bribing a public servant and on August 2, 2010, he again pled guilty to disorderly conduct. (Id. at 2-3.) Leybinsky was taken into state custody at Rikers Island Correctional Facility on the latter charge, where he was interviewed by ICE and it was determined that he violated the conditions of his 2009 order of supervision. (Ex. 21 (Record of Deportable/Inadmissible Alien, May 28, 2010) at 2.) Accordingly, ICE revoked Leybinsky's supervised release pursuant to 8 C.F.R. § 241.4, citing his June 2009 conviction and May 2010 charge as grounds for revocation. (Ex. 22 (Notice of Revocation of Release, June 1, 2010).) He was returned to ICE custody and ICE attempted to obtain travel documents for him. On August 17, 2010, ICE conducted a custody review of Leybinsky and concluded that "he had failed to establish that he was neither a flight risk nor a threat to society in light of his previous failure to comply with the requirements of the order of supervision." (Ex. 25 at ¶ 15.) However, because travel documents could not be obtained, ICE released Leybinsky on August 30, 2010 under an order of supervision. (Ex. 24 (Order of Supervision, Aug. 30, 2010).)

### B.    Procedural History

Leybinsky filed the instant petition on July 6, 2010 challenging his 2010 detention on the grounds that it violated the Due Process Clause of the Fifth Amendment. On September 10, 2010, the petition was referred to Judge Smith. On September 30, 2010, Leybinsky's newly appointed counsel filed a letter brief requesting permission to amend the petition to request an additional "atypical" habeas remedy, (Am. Pet. 5), in the form of an order preventing ICE from detaining him in the future unless "the [G]overnment first demonstrates, to a federal court's satisfaction, that a further period of detention is justified by a change in the prospects for [his]

removal, by sufficient evidence that [he] willfully violated a condition of his supervised release, or by proof that [he] otherwise poses a flight risk or danger to the community." (Reply Am. Pet. 1.)

On July 15, 2011, Judge Smith issued the Report granting Leybinsky leave to amend but recommending that the Amended Petition be dismissed in its entirety. Judge Smith concluded that the Amended Petition was moot as a result of Leybinsky's release from ICE custody and that none of the exceptions to the mootness doctrine applied. (Id. at 8-12.) Judge Smith also found that Leybinsky's request for prospective relief was inappropriate in a habeas petition. (Id. at 13.) On August 5, 2011, Leybinsky timely filed objections to the Report in its entirety. ICE responded to Leybinsky's objections on September 9, 2011 and Leybinsky replied thereto on October 7, 2011. This case was reassigned to this Court on July 19, 2012 and the Court heard oral argument on November 29, 2012. After reviewing the Report and the parties' submissions and oral arguments, the Court adopts Judge Smith's recommendation to dismiss the Amended Petition, though on different grounds than those stated in the Report. Specifically, the Court finds that the Amended Petition is not moot because the challenged conduct is capable of repetition yet evading review but that Leybinsky's 2010 detention was constitutional. Therefore, the Amended Petition is denied.

## II.   Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A court may accept those portions of the report to which no timely objection is made as long as those portions are not "clearly erroneous." See Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and